The Honorable H.G. Foster Prosecuting Attorney Twelfth Judicial District P.O. Box 1105 Faulkner County Courthouse Conway, Arkansas 72032
Dear Mr. Foster:
This is in response to your request for an opinion on two questions concerning the payment of fees and expenses to attorneys for the representation of indigents. Your two questions are as follows:
 1. Whether the Supreme Court decision mandating payment of a `reasonable' attorney's fee to those attorneys appointed to represent indigent criminals mandates payment of the amount billed or whether a lesser amount than the amount billed is constitutionally acceptable for the County to pay and;
 2. Whether services performed prior to that decision must be paid at the `new' higher rate or whether the test is merely the time of submission of the bill (as opposed to the time of the rendering of the services).
It is my opinion that the answer to your first question is generally "no;" the decision does not mandate the payment of the amount billed by the attorney. A lesser amount may be paid as long as the lesser amount constitutes "just compensation" to the attorney. The answer to your second question is generally "yes." Attorneys providing services prior to the Arnold decision and awaiting payment must be given "just compensation."
The Supreme Court decision to which you refer is Arnold v.Kemp, 306 Ark. 294, S.W.2d (1991). In response to your first question, the Court in Arnold discussed the calculation of the "just compensation" required by that decision. It was therein stated that:
 In awarding fees . . . we do not mean that the trial court must simply award fees based on [the attorney's] customary hourly charges or fixed fees for services in criminal cases of this nature. To the contrary, the trial court should determine fees that are considered `just.' In Chrisco v. Sun Industries, Inc. [citation omitted], we recognized various factors to be considered by a trial court in making its decision, on an award of attorneys' fees, including the experience and ability of the attorney, the time and labor required to perform the legal service properly, the novelty and difficulty of the issues involved, the fee customarily charged in the locality for similar legal services, the time limitations imposed upon the client's defense or by the circumstances, and the likelihood, if apparent to the court, that the acceptance of the particular employment will preclude other employment by the lawyer.
 The factors as enumerated in Chrisco v. Sun, supra . . . are instructive and should be conservatively applied here.
306 Ark. at 304-305.
Justice Glaze, in his concurring opinion, discussed the nature of this "just compensation" as follows:
 However, I would disagree with any suggestion that attorneys' fees in indigent criminal cases should be in line with fees paid other attorneys in the community for similar cases. In their due process argument, appellants suggest they should be entitled to just compensation and speak in terms of setting such fees at what they call `market value.' The majority opinion merely provides the trial court should determine fees that are considered `just' and makes no reference to market value. I am not clear as to what the majority means by `just fees,' but if it intends that term to mean the hourly rates that were testified to in this case, viz., ranging from $75.00 to $125.00 per hour, I must disagree with such a holding. . . .
306 Ark. at 315, 316 (Glaze, J., concurring).
Justice Glaze also quotes the Kansas Supreme Court's holding in a similar case as stating that "[t]he state also has an obligation to pay appointed counsel such sums as will fairly compensate the attorney, not at the top rate an attorney might charge, but at a rate which is not consficatory, considering overhead and expenses." 306 Ark. at 316, citing State ex. rel. Stephan v.Smith, 242 Kan. 336, 747 P.2d 816 (1987).
The decision of whether an amount of compensation is "just" is ultimately for a court, which will take into account the factors listed above. In answer to your first question, however, the county does not have to automatically pay the amount billed, but is required to pay an amount which would be deemed "just compensation" by a court.
In response to your second question, it should be noted that "[a]s a general rule, unless otherwise specified, judicial decisions, including overruling decisions, operate both retroactively and prospectively. A court decision is generally given retrospective effect, as for example where the decision construes a statute." 21 C.J.S. Courts § 148, at 176. Seealso Pledger v. Bosnick, 306 Ark. 45, S.W.2d (1991). The court in Arnold v. Kemp, supra, did not declare that its decision was prospective only, and in fact, in Pledger v.Bosnick, the court recognized that it may only choose to do so if certain factors are present.
Additionally, with few exceptions, when a statute is declared unconstitutional, it must be treated as if it had never been passed. Huffman v. Dawkins, 273 Ark. 520, 622 S.W.2d (1981).
In light of the court's failure to declare otherwise, I must conclude, in answer to your second question, that services performed prior to the Arnold decision must be paid for at the "new" higher rate. Of course, this conclusion does not mean that attorneys, who at any time over the past years represented indigents and were paid the capped amounts are now entitled to "rebill" the counties for these fees. It simply means that the rate of compensation constitutionally required by the Arnold
case should be paid to all attorneys who are currently awaiting payment.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh